# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6107 | **DATE** | 6/25/2013 |
| **CASE TITLE** | General Properties, Inc vs. Heartland Bank and Trust Company | | |

**DOCKET ENTRY TEXT**

Status hearing held. The appeal is dismissed for want of prosecution. In the alternative, the judgment is affirmed on the merits. See Statement below for further details. The Clerk is directed to transmit a copy of this Order to the Bankruptcy Court. Civil case terminated.

■[ For further details see text below.]  Docketing to mail notices.

00:05

## STATEMENT

In the Bankruptcy Court the Heartland Bank and Trust Company sought relief from the automatic stay in order to foreclose and sell nearly 28 acres of real estate (in the debtor's list of assets) in Paddock Lake, Kenosha County, Wisconsin. The stay was lifted on 30 May 2012. Reconsideration was requested in early- and mid-June and denied on 20 June by Judge Wedoff. Appeal was taken within 10 days and the opening brief filed seven months later and by 20 March 2013, Heartland filed its appellee's brief. General Properties (the debtor) sought additional time to reply and was given until April 30. The reply brief was never filed nor was the Court informed of a decision not to file. The appeal is dismissed for want of prosecution. (I do strike the sworn declaration of Louis Marin filed with the debtor's brief on appeal -- this is an attempt to offer evidence that was not submitted to the Bankruptcy Court. It is too late to make a new record.)

Even if I were unwilling to dismiss, General Properties' appeal fails on its merits. The decision of a Bankruptcy Judge to lift a stay is reviewed under an abuse of discretion standard which cannot be met here.

Heartland's appraiser opined that the value of the property was $240,000. The amount due on the loan it secured is over $453,000. In February 2012 General Properties thought the land was worth over a million dollars but only if it was re-zoned. As of March of this year neither outside financing or re-zoning had occurred. On several occasions, prior counsel for the debtor made representations to the Bankruptcy Court that financing or investors were coming to the rescue but this had not happened and, finally, the Judge lifted the automatic stay. The Judge was no longer willing to accept representations that new money would save the day. Prior counsel was replaced by a new lawyer whose pleadings were criticized as inaccurate by prior counsel, who was granted leave to withdraw as counsel.

After multiple continuances to refinance the Heartland loan or to sell the property, all of which failed, the Bankruptcy Judge acted well within his discretion to lift the automatic stay. He could regard the conduct of the debtor as a stalling tactic or an honest, but inept, effort to bring value to creditors. Neither possible purpose showed any promise of success after many months. There is the debtor's argument that it was badly

| STATEMENT |
|---|
| represented by prior counsel and this, rather than its own actions, are good reasons why the Bankruptcy Judge should have given them more time. The Bankruptcy Judge gave them more time than the statute requires. The debtor is bound by the actions of its own attorney. There is no reversible error in this case.<br>      The appeal is dismissed for want of prosecution. In the alternative, the judgment is affirmed on the merits. |
| |